MINUTE ENTRY
KNOWLES, M.J.
MARCH 23, 2011

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORETTA COOPER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-5932** |
| **LIFESAFER INTERLOCK, INC., ET AL.** | **SECTION "S" (3)** |

On this date, defendants' Motion to Compel Production of Documents [Doc. #74] came on for oral hearing before the undersigned. Present were John Musser on behalf of plaintiffs and McDonald Provosty on behalf of defendants. For the reasons stated on the record,

**IT IS ORDERED** that defendants' Motion to Compel Production of Documents [Doc. #74] is GRANTED IN PART and DENIED IN PART as outlined below.

Rule 26(b)(3) states in relevant part that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). Photographs and videos have been deemed work product where they were created in anticipation of litigation. *King v. Odeco Inc.*, 106 F.3d 396, 1997 WL 33367, at *3 (5th Cir. 1997) (unpublished opinion) (affirming district court's ruling that photographs were protected as work product); *see Gundacker v. Unisys Corp.*, 151 F.3d 842, 848

MJSTAR(00:12)

n.4 (8th Cir. 1998) ("Ordinary work product includes such items as photographs and raw information.") (citation omitted); *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 150 (S.D. Ind. 1993) (finding surveillance videotapes to be protected work product where defendant did not intend to introduce them at trial). Rule 26(b)(3) includes an exception that work product may be discovered by the opposing party if that party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). "The party who asserts work product protection for an item sought to be discovered has the burden of establishing that it was prepared in anticipation of litigation." *King*, 106 F.3d 396, 1997 WL 33367, at *2. "If the party can satisfy that requirement, the burden shifts to the party seeking discovery to overcome that protection," *Id.* (citing *Hickman v. Taylor*, 329 U.S. 495, 511-12 (1947)), and that party must demonstrate substantial need for the materials and the inability to obtain their substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A)(ii).

Here, there is no doubt that the work-product doctrine protects the photographs. The photographs were taken after litigation had commenced and at a joint inspection by both parties and their counsel. Production of the photographs may reveal the mental impressions of counsel for plaintiffs in that plaintiffs' consulting expert may have taken the photographs at certain angles, etc. with proof of certain claims in mind. Such angles may reveal the mental impressions of the expert who may have concentrated on certain areas of the vehicle and of the power cord assembly during the inspection and neglected others.

Defendants have failed to meet their burden to demonstrate substantial need or exceptional circumstances under which it is impracticable for them to obtain the facts or opinion on the same

subject by other means. Defendants have their own photographs of the vehicle, and, as plaintiffs note, defendants also have the photographs of the accident scene and the vehicle taken by the Louisiana State Police. Simply because defendants and their counsel may have attended the inspection with cameras inferior to those possessed by plaintiffs does not demonstrate substantial need adequate to overcome the work-product doctrine.

On the other hand, the Court finds that defendants are entitled to re-inspect and to photograph the vehicle and the power cord assembly. There is no law that prohibits them from doing so. Whether the photographs of the vehicle will be admissible at trial – in that the more recent photographs will perhaps reflect a more current, deteriorated state of the vehicle and power cord assembly – is a matter better directed to the District Court in a motion in limine. Such potential issues with admissibility do not impact their discoverability.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**