UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORETTA COOPER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-5932** |
| **LIFESAFER INTERLOCK, INC. AND SUPERIOR INTERLOCK SERVICES, INC.** | **SECTION: "S" (3)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendants, LifeSafer Interlock, Inc. and Superior Interlock Services, Inc. (Doc. #83), is **GRANTED**, and plaintiffs' claims against them are **DISMISSED WITH PREJUDICE.**

BACKGROUND

On September 11, 2008, plaintiff, Loretta Cooper, was injured in a single vehicle accident on Louisiana State Highway 25 near Franklinton, Louisiana. At the time of the accident, Cooper's 1996 Oldsmobile Bravada was equipped with an alcohol ignition interlock device ("IID") that was manufactured by defendant, LifeSafer Interlock, Inc., and installed in her vehicle by Superior Interlock Services, Inc. The Louisiana Department of Motor Vehicles required Cooper to install an IID in her vehicle as a condition of renewing her suspended driver's licences because of her prior history of driving while under the influence. On August 11, 2008, Dustin Carr, an independent contractor working with Superior, installed the IID in Cooper's vehicle, and instructed her on the operation of the device while the vehicle was parked.

The IID requires the driver to pass a blow test to start the ignition. The test is performed by the driver's blowing while humming into a handheld device that measures the level of blood alcohol in the driver's breath. Once the vehicle is started, the IID requires the driver to take random "rolling retests" to continue operating the vehicle. Cooper alleges that the IID in her vehicle called for rolling retests every one to two minutes, and that the accident occurred while she was attempting to perform a rolling retest. She also contends that the IID caused her vehicle's steering to become sluggish and difficult to turn while calling for rolling retests, and that the lights would flash.

Cooper filed this suit against LifeSafer, as the manufacturer, alleging that the IID was unreasonably dangerous under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statutes § 9:2800.51, et seq., that LifeSafer failed to warn of the dangerousness of the product, and that the IID was the proximate cause of her accident. Cooper also alleges that Superior, as the installer, was negligent for failing to provide her with adequate training.

Defendants filed a motion for summary judgment arguing that Cooper cannot present a *prima facie* case under the LPLA because she cannot prove that the IID was the proximate cause of her accident or that the IID was unreasonably dangerous. Superior argues that plaintiffs' cannot maintain claims against it regarding inadequate training because Cooper used the device without incident for a month before the accident, and she taught her husband how to use the device.

## ANALYSIS

**A.   Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to

judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Louisiana Products Liability Act - LifeSafer**

The LPLA, "establishes the exclusive theories of liability for manufacturers for damages caused by their products." LA. REV. STAT. § 9:2800.52. The plaintiff must prove the following elements in a products liability cause of action under the LPLA: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that the characteristic made the product unreasonably dangerous in one of the four ways provided in the statute; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else. Jefferson v. Lead Industries Ass'n, Inc., 106 F.3d 1245, 1251 (5th Cir. 1997) (citing generally J. Kennedy, A Primer on the Louisiana Products Liability Act, 49 LA. L. REV. 565 (1989)); LA. REV. STAT. § 9:2800.54. "A reasonably anticipated use means a use or handling of a product that the product's manufacturer

should reasonably expect of an ordinary person in the same or similar circumstances." Matherne v. Poutrait-Morin/Zefal-Christophe, Todson, Inc., 868 So.2d 114, 119 (La. Ct. App. 2003); LA. REV. STAT. § 9:2800.53(7). A plaintiff may prove that a product was "unreasonably dangerous" only under one of four theories:

> (1) The product is unreasonably dangerous in construction or composition as provided in R. S. 9:2800.55;
>
> (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
>
> (3) The product is unreasonably dangerous because of inadequate warning as provided in R.S. 9:2800.57; or
>
> (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.[1]

Jefferson, 106 F.3d at 1251 (citing LA. REV. STAT. § 9:2800.54(B)(1-4)).

It is undisputed that LifeSafer manufactured the IID in question. LifeSafer argues that Cooper cannot prove that her accident was proximately caused by a characteristic of the IID, that plaintiffs cannot prove that the IID was unreasonably dangerous under the LPLA, and that plaintiffs' alleged damages did not arise from a reasonably anticipated use of the IID.

### a.    Construction or Composition

To prevail on a claim that a product is "unreasonably dangerous" in its "construction or composition" under the LPLA, a plaintiff must show that, "at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's

---

[1] In their opposition memorandum, plaintiffs argue that the IID was unreasonably dangerous in construction and because an adequate warning was not provided. Plaintiffs do not present any arguments regarding whether the IID was unreasonably dangerous in design or whether it failed to conform to an express warranty. Therefore, plaintiffs' have waived those claims.

specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La. Rev. Stat. § 9:2800.585; see also Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 261 (5th Cir. 2002). The "construction or composition" provision of the LPLA "provides a remedy for damages caused by a product that is defective due to a mistake in the manufacturing process." Stahl, 283 F.3d at 263. The existence of a vice or defect in a product is not inferred merely because an accident occurs. See Jaeger v. Automotive Cas. Ins. Co., 682 So.2d 292, 298 (La Ct. App. 1996) (citing Clement v. Griffin, 634 So.2d 412, 429 (La. Ct. App. 1994), writ denied, 637 So.2d 478, 479 (La. 1994)).

Plaintiffs have not offered any evidence to prove that the IID in Cooper's car was unreasonably dangerous in construction or composition. They have not offered any proof that the LifeSafer IID in Cooper's car was different from another LifeSafer IID because it was manufactured with a flaw that made it unreasonably dangerous. Plaintiffs contend that the IID was defective because it required a rolling retest every one to two minutes. However, Richard Freund, the president of LifeSafer declared in his affidavit that if a driver does not pass the rolling retest or shut off the vehicle within six minutes of the IID calling for a rolling retest, the IID "will continue to beep the blow light, sound the audible warning tone until the test is passed or the vehicle is shut off by the driver." He also declared that, if the vehicle is started without the driver's having first passed the breath test, the IID "will immediately ask for a rolling retest and impose similar sanctions, including continuous and increasingly louder beeps." The alleged "defect" is part of the product's design. Therefore, LifeSafer's motion for summary judgment on plaintiffs' claim that the

5

IID was unreasonably dangerous in construction or composition is GRANTED, and that claim is DISMISSED.

      **b.**      **Adequate Warning**

La. Rev. Stat. § 9:2800.57 provides that a manufacture must use reasonable care in deciding whether to provide a warning for its product. The statute provides that:

> A. A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.
>
> B. A manufacturer is not required to provide an adequate warning about his product when:
>
>> (1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics; or
>>
>> (2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.

Id.

"To successfully maintain a failure-to-warn claim under the LPLA, a plaintiff must demonstrate that the product in question has a potentially damage-causing characteristic and that the manufacturer failed to use reasonable care to provide an adequate warning about this characteristic." Stahl, 283 F.3d at 264. Failure to warn claims do not necessarily present a jury issue. Id. (citing Anderson v. McNeilab, Inc., 831 F.2d 92, 93 (5th Cir. 1987). "A 'mere allegation of inadequacy'

is insufficient for a plaintiff to survive summary judgment on a failure-to-warn claim." Gruvre v. Kroger Co., - - - S.3d - - - , 2011 WL 309311 (La. Ct. App. 2011) (quoting Stahl, 283 F.3d at 264-65). The plaintiff must point to specific facts in the record that demonstrate that there is a genuine issue of material fact to defeat summary judgment. Id.

The instruction manual for LifeSafer's IID provides:

> **CAUTION: ALWAYS EXERCISE SAFETY FIRST**. THE DEVICE IS DESIGNED TO ALLOW YOU TO CONTINUE DRIVING AND SAFELY RETEST WITHOUT TAKING YOUR EYES OFF OF THE ROAD. HOWEVER, IF YOU ARE UNCOMFORTABLE, IT IS RECOMMENDED THAT YOU PULL OFF THE ROAD AND COME TO A COMPLETE STOP BEFORE TAKING THE RETEST.

The owner of a product is presumed to have read and understood the owner's manual. Scott v. Black & Decker, Inc., 717 F.2d 251 (5th Cir. 1983).

Plaintiffs contend that the IID produces a significant level of driver distraction, and that LifeSafer was required to provide a warning regarding the level of driver distraction that can occur during a rolling retest. However, plaintiffs have not offered any evidence to support their claim that the warning provided in the IID owner's manual was inadequate. In his deposition, plaintiff's expert on ergonomics and human factors, Dr. Peter A. Hancock, testified that he had "no complaints" about the manuals that instruct the operator on how to use the device. Further, in her deposition, Cooper testified that she was uncomfortable with conducting retests while driving, but she did not pull over to the side of the road as the warning recommends. The alerts about which Cooper complains were apparently caused by her failure to blow adequately into the devise, causing the repeated alerts. Moreover, pursuant to § 9:2800.57(B)(1) LifeSafer is not required to warn users of the IID that it

may cause distraction while driving, because this fact is obvious. Additionally, the warning contained in the instruction manual is adequate. Therefore, LifeSafer's motion for summary judgment on plaintiffs' claim that the IID was unreasonably dangerous due to an inadequate warning is GRANTED, and that claim is DISMISSED.

**C.      Negligence - Superior**

Plaintiffs allege that Superior was negligent for failing to adequately train Cooper in using the IID. They contend that Carr trained Cooper in using the IID while the vehicle was parked. Cooper contends that Carr told her to blow into the device to start the car and that the device would go off again. She also testified that Carr did not tell her that the device would go off numerous times after she started driving, and that he did not train her on how to use the device while driving. Plaintiffs allege that such training was inadequate because of the level of driver distraction produced by the rolling retests, and that Superior should have provided training while the vehicle was operating.

Under Louisiana law, to prevail on a claim for negligence, the plaintiff must prove: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). Lemann v. Essen Lane Daiquiris, Inc., 923 So.2d 627, 633 (La.2006) (citing Fowler v. Roberts, 556 So.2d 1, 4 (La.1989)). A negative answer to any of the inquiries of the duty-risk analysis results in

a determination of no liability. Mathieu v. Imperial Toy Corp., 646 So.2d 318, 321 (La.1994).

Although plaintiffs allege that Cooper was inadequately trained, there is no evidence to support this allegation.  Cooper operated the IID for one month without incident prior to the accident.  Also, she trained her husband on how to use the IID so that he could drive her car. Therefore, Superior's motion for summary judgment is GRANTED, and plaintiffs' claims against it are DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendants, LifeSafer Interlock, Inc. and Superior Interlock Services, Inc. (Doc. #83), is **GRANTED**, and plaintiffs' claims against them are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this   4th   day of April, 2011.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**